IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO: |
| v. ) ) | COMPLAINT |
| ECLIPSE ADVANTAGE, INC., ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of race (Black) and retaliation, and to provide appropriate relief to Rodney Williams. The Commission alleges that Rodney Williams was subjected to disparate terms and conditions of employment, and subjected to a racially hostile work environment. The Commission further alleges that Rodney Williams was subjected to retaliatory termination for his complaints about the harassing conduct.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345. Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ,as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Eclipse Advantage, Inc, ("Defendant "Employer"), has continuously been a Florida corporation, doing business in the State of Ohio and the City of Hinckley, and has continuously employed at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

## STATEMENT OF TITLE VII CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Rodney Williams filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September, 2009, Defendant Employer has engaged in unlawful employment practices at its Lyndhurst, Ohio facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by discriminating against Rodney Williams by subjecting him to disparate terms and conditions of employment and a

hostile work environment, based on his race. The unlawful employment practices included the following:

    a. The use of racial slurs, most notably "nigger" in the workplace by employees as well as management;

    b. On Rodney Williams' first day on the job asking him if he was a "Black man or a nigger" ;

    c. Demoting Rodney Williams from Supervisor to Team Leader because Defendant Employer's "staff cannot take direction from a Black man".

    8.    Since at least October 26, 2009, Defendant Employer has engaged in unlawful retaliation at its Hinckley, Ohio facility, in violation of Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3 (a), when it terminated Rodney Williams' employment as a result of his opposition to its race-based practices. Specifically, after Williams questioned Defendant Employer's ineffective response to his complaints and informed Defendant Employer that if the "nigger" talk in the workplace didn't cease he would go to the Equal Employment Opportunity Commission, Defendant Employer terminated Williams.

    9.    The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Rodney Williams of equal employment opportunities and otherwise adversely affect his status as an employee because of race and because he engaged in protected activity by opposing his race-based mistreatment.

    10.    The unlawful employment practices complained of in paragraphs 7 and 8 above were and are intentional.

11.	The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Rodney Williams.

.PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race and retaliation, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a) and Section 704 (a) (1) of Title VII, 42 U.S.C. § 2000e- 3(a).

B.	Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race or retaliation.

C.	Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for Black employees which eradicate the effects of its past and present unlawful employment practices.

D.	 Order Defendant to make whole Rodney Williams by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, an offer of reinstatement to their rightful-place positions, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

E.	 Order Defendant to pay Rodney Williams punitive damages for its malicious and reckless conduct described in paragraphs 7-8 above, in amounts to be determined at trial.

F. Order Defendant to make whole Rodney Williams by providing compensation for pecuniary losses, including job search expenses.

G. Order Defendant to make whole Rodney Williams by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, embarrassment, and isolation, in amounts to be proven at trial.

H. Order Defendant to make whole Rodney Williams by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to his rightful place promotion and/or front pay.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this complaint.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. DAVID. LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENEERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
Washington, D.C. 20507

DEBRA M. LAWRENCE

/s/ Debra M. Lawrence
REGIONAL ATTORNEY
Philadelphia District Office
Philadelphia, PA  19107

/s/ Lawrence Mays
Lawrence Mays (0038288)
Senior Trial Attorney

Cleveland Field Office
AJC Federal Building
1240 East Ninth Street, Suite 3001
Cleveland, Ohio  44199
(216)  522-4796
(216)  522-7430  fax
Lawrence.Mays@eeoc.gov