UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:10-cv-2001 |
| v. | ) ) ) | JUDGE: Dan Aaron Polster |
| ECLIPSE ADVANTAGE, INC., | ) ) ) | |
| Defendant. | ) | |

**CONSENT DECREE**

**INTRODUCTION**

A.  This action was instituted by the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") on September 8, 2010, against Eclipse Advantage, Inc., ("Eclipse"), under Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991. The EEOC alleged that Eclipse Advantage, Inc., discriminated against Rodney Williams on the basis of race, and retaliated against him for complaining about the discrimination. The EEOC also alleged that as a result of the discrimination, Rodney Williams suffered lost wages and emotional distress damages. Eclipse has denied that it discriminated or retaliated against Williams, or has otherwise violated the law in any respect.

B.  The EEOC and Eclipse wish to avoid the time and expense of the litigation process, and hereby enter into this Consent Decree. This Consent Decree shall be final and

1

binding between the EEOC and Eclipse, its directors, officers, agents, employees, successors or assigns and all persons in active concert or participation with it, (hereinafter collectively referred to as "Eclipse").

C.  The Commission and Eclipse do hereby agree to the entry of this Consent Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint against Eclipse in Civil Action No.1:10-cv-02001. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as a violation of Title VII by Eclipse, which in fact Eclipse denies.

D.  The terms of this Consent Decree shall apply only to Eclipse's operation located at the Aldi Foods Warehouse in Hinckley, OH, which is the location where the alleged discrimination and retaliation against Rodney Williams occurred, and to those Eclipse managers having oversight over that operation.

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED and DECREED that:

1.  This Court has jurisdiction over the parties and the subject matter of this action.

2.  Eclipse is enjoined from engaging in any employment practice which constitutes race discrimination under Title VII. Specifically, Eclipse is enjoined from creating, fostering or tolerating a work environment which discriminates based on race.

3.  Eclipse is enjoined from engaging in any employment practices which retaliate in any manner against any person, including but not limited to, Rodney Williams, because of that person's opposition to any practice alleged or believed to be unlawful under Title VII, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any manner

in any investigation, hearing or proceeding under Title VII.

4. Eclipse shall expunge from its records any documents, pleadings, correspondence and related papers pertaining to the charge of discrimination filed by Rodney Williams with the Commission.

5. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Eclipse under Title VII or the EEOC's authority to process or litigate any charge of discrimination which may be filed against Eclipse in the future.

## MONETARY RELIEF

6. Eclipse agrees to pay Rodney Williams $60,000 in full settlement of the claims against Eclipse which were raised in the Commission's Complaint. Eclipse will mail a photocopy of the check(s) to the EEOC, to the attention of Lawrence Mays, Trial Attorney, EEOC, 1240 East Ninth Street, Suite 3001, Cleveland, Ohio 44199 within five days of the date of mailing of the check(s) to Mr. Williams.

## POSTING OF NOTICE

7. Within ten (10) business days after entry of this Decree, or as soon as practicable, Eclipse shall post same-sized copies of the Notice attached as Exhibit 1 to this Decree on all bulletin boards located at its Hinckley, OH facility usually used by Eclipse for communicating with employees.  The notice shall remain posted for two (2) years from the date of entry of this Decree.  Counsel for Eclipse shall provide a copy of the Notice, and an indication of the date and location of its posting, to the EEOC's Cleveland Field Office, attention, Lawrence Mays, Trial Attorney, within ten (10) days of the posting.  Eclipse shall permit a representative of the EEOC to enter Eclipse's premises for purposes of verifying compliance with this Paragraph at any time

during normal business hours with prior notice. Eclipse shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Should the posted copies become defaced, removed, marred, or otherwise illegible, Eclipse agrees to post as soon as practicable a readable copy in the same manner as hereto specified.

**NON-DISCRIMINATION AND ANTI-HARASSMENT POLICIES AND COMPLAINT PROCEDURES**

8. Eclipse's policy or policies against race discrimination, racial harassment, and retaliation and complaint procedures shall be drafted in plain and simple language, and be available in English. Eclipse shall ensure that its policy or policies against discrimination, harassment and retaliation and related complaint procedures meet the following minimum criteria:

(a) State that Eclipse: (i) prohibits discrimination against employees on the basis of sex, race, national origin, religion and color, and prohibits retaliation in violation of Title VII; (ii) prohibits retaliation against employees for opposing employment practices they reasonably believe are discriminatory or for participating in an investigation by the EEOC or a state or local governmental agency of a charge of discrimination under Title VII; (iii) prohibits any act, policy or practice that has the effect of harassing or intimidating any employee on the basis of sex, race, national origin, religion or color in violation of Title VII; and (iv) prohibits any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile to employees through acts such as physical/verbal abuse and derogatory comments based on sex, race, national origin, religion or color in violation of Title VII;

(b) Include a complaint procedure designed to encourage employees to come forward

with complaints regarding violations of its policy or policies against discrimination, harassment and retaliation, which shall meet the following minimum criteria:  (i)  provide effective mechanism(s) for reporting incidents of discrimination, harassment and retaliation; (ii) provide that the complaints of discrimination, harassment and/or retaliation can be made either in writing or verbally; (iii) identify at least two current employees to whom an employee can make a complaint; (iv) provide a 24-hour toll-free message center with instructions in  English that an employee may call to make a complaint of discrimination, harassment or retaliation; (v) provide that, upon an employee's request, Eclipse will offer assistance for filing a written complaint in English or otherwise communicating during the investigation of a complaint; (vi) encourage prompt reporting by employees; and (vii) provide assurances that complainants shall not be subjected to retaliation;

   (c) Provide for prompt investigation of complaints of harassment and/or retaliation;

   (d) Provide for prompt communication to the complaining party of the results of the investigation and any remedial actions taken or proposed; and

   (e) Provide for discipline up to and including discharge of an employee or supervisor who violates Eclipse's policy or policies against discrimination, harassment and retaliation, and for increasingly severe discipline of repeat offenders.

   9. Eclipse shall distribute to all of its employees and newly-hired employees at its Hinckley, OH facility, its policy or policies against race discrimination, racial harassment, and retaliation within 90 days after entry of this Consent Decree.  Such policy or policies will be available in English.

   10. Within 90 days after entry of this Consent Decree, Eclipse shall advise Lawrence

Mays, Trial Attorney, EEOC's Cleveland Field Office, that its policy or policies against discrimination, harassment and retaliation have been distributed to current employees via paycheck enclosure and that new employees will receive these policies and an opportunity to acknowledge receipt. Acknowledgment of receipt forms will be made available in English. Eclipse will retain copies of any acknowledgment of receipt form for an employee in the employee's personnel file.

11. Eclipse shall twice annually for the duration of the Consent Decree enclose a copy of its policy or policies against race discrimination, racial harassment, and retaliation with each employee's paycheck.

## SUPERVISOR ACCOUNTABILITY

12. Eclipse shall promote supervisor accountability by the following conduct:

(a) Providing annual anti-discrimination training to all of its supervisory and managerial personnel at the Hinckley, OH facility as set forth in Paragraph 14;

(b) Disciplining, up to and including discharge, any supervisor or manager who violates Eclipse's policy or policies against race discrimination, racial harassment, and retaliation;

(c) Imposing on all managers and supervisory personnel a duty to administer their work areas to ensure compliance with Eclipse's policy or policies against race discrimination, racial harassment, and retaliation; and

(d) Requiring all managers and supervisors to report any incidents and/or harassment and/or retaliation of which they become aware to the Eclipse Corporate Human Resources Office.

## TRAINING

13. Eclipse shall provide training on the requirements of Title VII on the following Terms:

    a. Eclipse agrees to provide annual training sessions to all of its managers and supervisors who work at its Hinckley, OH facility by a trainer or vendor approved by the EEOC on an employee's rights under Title VII, and the employer's obligations under Title VII, with an emphasis on what constitutes unlawful race harassment and race discrimination in the workplace, how to keep Eclipse free of such forms of discrimination, and what constitutes unlawful retaliation;

    b. Each training session will include a video presentation by Eclipse emphasizing Eclipse's commitment to prevent race discrimination and racial harassment;

    c. Eclipse shall first provide training in accordance with Paragraph 13(a) by no later than September 30, 2011. Eclipse shall then also provide such training in calendar year 2012.

14. In addition to the training described in Paragraph 13, Defendant will provide training to all Managers and all employees and supervisors in its Human Resources Department, who are responsible for employees employed at Eclipse's Hinckley, OH facility, regarding conducting a prompt and effective investigation into allegations, complaints, or charges of employment discrimination.

15. For the annual training pursuant to this Decree, Eclipse shall obtain the EEOC's approval of its proposed trainer prior to each year's set of training sessions. Eclipse shall submit the name, address, telephone number and curriculum vitae /resume of the proposed trainer, together with the date(s) of the proposed training sessions to the EEOC within thirty (30) calendar

days prior to the first day of the proposed date(s) of training. The Commission shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s). In the event the EEOC does not approve Eclipse's designated trainer(s), Defendant shall have ten (10) calendar days to identify an alternate trainer. The EEOC shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer. In the event the Commission does not approve Eclipse's alternate trainer, the Commission shall designate the trainer to be retained and paid for by Eclipse. Eclipse shall have ten (10) calendar days from receipt of the Commission's recommendation to accept or reject the alternate trainer.

16. Eclipse agrees to provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions. Even though the Commission has approved of or designated a trainer to provide training for one year, it is not required to approve of or designate the same trainer for future training sessions.

17. Eclipse shall certify to the EEOC in writing within five (5) business days after the training sessions have occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the training session; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and (iii) a listing of all current employees, including temporary employees, as of the date of the training.

### **RECORD KEEPING**

18. For a period of two (2) years following entry of this Decree, Eclipse shall maintain and make available for inspection and copying by the Commission, records of each

complaint of any incident of race, national origin and retaliation discrimination occurring at its Hinckley, OH facility. Such records shall indicate the date the complaint was made, who made it, what was alleged, and what actions Eclipse took to resolve the matter. Eclipse shall also make records of all actions it takes to prevent race, national origin and retaliation discrimination at its Hinckley, OH facility during the two-year period.

19. Eclipse shall make all documents or records referred to in Paragraph 18 above, available for inspection and copying within ten (10) business days after the EEOC so requests. In addition, Eclipse shall make available for interview all persons within its employ whom the EEOC reasonably requests for purposes of verifying compliance with this Decree and shall permit a representative of the Commission to enter Eclipse's Hinckley, OH premises for such purposes on five (5) business days advance notice by the EEOC.

20. Nothing contained in this Decree shall be construed to limit any obligation Eclipse may otherwise have to comply with Title VII or any other law or regulation.

## **REPORTING**

21. Eclipse shall furnish to the EEOC the following written reports semi-annually following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due twenty-four (24) months after entry of the Decree. Each such report shall contain:

a. A summary of the information recorded by Eclipse pursuant to Paragraph 18, including the name of the complainant, the allegation of the complaint and the action taken by Eclipse in response; and

b. A certification by Eclipse that the Notice required to be posted in Paragraph 7,

above, remained posted during the entire six (6) month period preceding the report.

## DISPUTE RESOLUTION

22. In the event that any party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within ten (10) days of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

23. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

24. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Eclipse in their capacities as representatives, agents, directors and officers of Eclipse and not in their individual capacities. This Paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

25. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 1:10-cv-02001.

26. This Consent Decree shall be filed in the United States District Court for the Northern District of Ohio, Eastern Division and shall continue to be in effect for a period of two (2) years. Any application by any party to modify or vacate this Consent Decree during such periods shall be made by motion to the Court on no less than thirty (30) days notice to the other party. In the event Eclipse ceases operations at its Hinckley, OH facility during the term of this

Consent Decree, then the continuing obligations specified herein shall automatically cease to be of any further force and effect as of the date Eclipse ceases its operations.

27. The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree.

**IT IS ORDERED:**

**BY THE COURT:** /s/Dan Aaron Polster   DATE: 5/2/11

UNITED STATES DISTRICT COURT JUDGE

| For Plaintiff EEOC: | For Eclipse Advantage, Inc.: |
|---|---|
| /s/Debra M. Lawrence | /s/Thomas J. Pilacek |
|  | Thomas J. Pilacek (FL Bar No. 143576) |
| Debra M. Lawrence | Pilacek & Associates |
| Regional Attorney | 5844 Red Bug Lake Road |
|  | Winter Springs, FL 32708 |
|  | 407.660.9595 |
| /s/ Lawrence Mays | tpilacek@pilacek.com |
| Lawrence Mays | Lead Attorney |
| (0038288) | |

11

| | |
|---|---|
| Trial Attorney<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Cleveland Field Office<br>1240 East Ninth Street, Suite 3001<br>Cleveland, Ohio 44199 | /s/ Michael J. Frantz<br>Michael J. Frantz (#0019418)<br>mfrantz@frantzward.com<br>Michael N. Chesney (#0059826)<br>mchesney@frantward.com<br>Rebecca J. Bennett (#0069566)<br>rbennett@frantward.com<br><br>FRANTZ WARD LLP<br>2500 Key Center<br>127 Public Square<br>Cleveland, OH  44114<br>Phone: (216) 515-1660<br>Facsimile: (216) 515-1650<br><br>Attorneys for Defendant Eclipse Advantage, Inc. |